NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 3 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAFAEL SANCHEZ HERRERA, AKA
Jose Luis Sanchez Herrera,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    17-72578

Agency No. A095-739-942

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 4, 2019[**]
Pasadena, California

Before:  KLEINFELD, Circuit Judge, COLE, Chief Circuit Judge,[***] and
NGUYEN, Circuit Judge.

Rafael Sanchez Herrera, a native and citizen of Mexico, petitions for review

of a Board of Immigration Appeals ("BIA") order dismissing his appeal from an

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Ransey Guy Cole, Jr., Chief Circuit Judge for the U.S.
Court of Appeals for the Sixth Circuit, sitting by designation.

immigration judge ("IJ") order of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

Aliens in immigration proceedings have a constitutional and statutory "right to be represented by counsel at [their] own expense." *Gomez-Velazco v. Sessions*, 879 F.3d 989, 993 (9th Cir. 2018). We review for abuse of discretion the IJ's decision not to continue a hearing to allow additional time to find counsel. *Arrey v. Barr*, 916 F.3d 1149, 1158 (9th Cir. 2019). An IJ's failure to "inquire specifically as to whether [the] petitioner wishes to continue without a lawyer" or "receive a knowing and voluntary affirmative response" may constitute an abuse of discretion. *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004).

Here, in finding that Sanchez Herrera had "not demonstrated good cause for additional time to look for an attorney," the IJ assumed that Sanchez Herrera wanted one to represent him at the merits hearing. In light of this assumption, the IJ's failure to ask if Sanchez Herrera wanted to proceed without an attorney was not an abuse of discretion.

Sanchez Herrera was given a 26-day continuance to find counsel. Although he was in custody and primarily spoke Spanish, his sister was a U.S. citizen. The continuance provided Sanchez Herrera sufficient time to obtain counsel to represent him at a bond hearing. Under these circumstances, 26 days was a

"reasonable time to locate counsel" for the merits hearing, *Arrey*, 916 F.3d at 1158, and the IJ's denial of a second continuance was not an abuse of discretion.[1]

**PETITION FOR REVIEW DENIED.**

---

[1] We reject, as unsupported, Sanchez Herrera's bald assertion that he "was erroneously placed in removal proceedings." *See* Fed. R. App. P. 28(a)(8); *Tamayo-Tamayo v. Holder*, 725 F.3d 950, 952 (9th Cir. 2013).